IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Landis Allen Moragne, #302976, ) | C/A No.: 1:15-1010-TMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| South Carolina Department of ) | |
| Corrections; Director William Byrnes, ) | REPORT AND RECOMMENDATION |
| Jr.; Cecilia Reynolds, Warden of Lee ) | |
| Correctional Institution; Ass. Warden ) | |
| Sharp; Deputy Warden Nolan; John Doe ) | |
| One; John Doe Two; Not None Deasi; ) | |
| and Lt. Odom, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Landis Allen Moragne ("Plaintiff"), proceeding pro se and in forma pauperis, is an inmate incarcerated at Lee Correctional Institution ("LCI") in the custody of the South Carolina Department of Corrections ("SCDC"). He filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights by SCDC, SCDC Director William Byrnes, Jr. ("Byrnes"),[1] LCI Warden Cecilia Reynolds ("Reynolds"), Assistant Warden Sharp ("Sharp"), Deputy Warden Nolan ("Nolan"), Officer Deasi ("Deasi"), and Lt. Odom ("Odom"), John Doe One, and John Doe Two (collectively "Defendants").

---

[1] Although Plaintiff names William Byrnes, Jr. as SCDC director, the undersigned notes that William R. Byars, Jr. was replaced by Bryan P. Stirling as SCDC Director on October 1, 2013.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process as to SCDC, Byrnes, Deasi, and Odom.[2]

I.     Factual and Procedural Background

Plaintiff filed this complaint alleging denial of access to media, denial of access to courts, cruel and unusual punishment, and violation of due process claims. [ECF No. 1 at 2]. Plaintiff claims that he has been housed in cells without light, which has caused him to suffer from headaches and vision loss. *Id*. at 3, 6. Plaintiff alleges that he is prohibited from possessing, newspapers, magazines, or radios, while house in the ASU.[3] *Id*. at 3–4. Plaintiff also claims that his disciplinary conviction sentence was improperly calculated. *Id*. at 4–5. Plaintiff claims that he was not provided with a copy of the South Carolina Rules of Court or access to the law library in sufficient time to for him to file a brief in his appeal. *Id.* at 7. Finally, Plaintiff disputes the charge he received on February 9, 2014, for public masturbation. *Id*. at 8. Plaintiff seeks injunctive relief and monetary damages. *Id.* at 9.

---

[2] A separately-docketed order directs service of Plaintiff's claims against the remaining defendants.

[3] It appears that Plaintiff is referring to the Administrative Segregation Unit.

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently

3

cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

  B. Analysis

    1. Sovereign Immunity (SCDC)

The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). Such immunity extends to arms of the state, including a state's agencies, instrumentalities, and employees. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment also bars this court from granting injunctive relief against the state or its agencies. *See Alabama v. Pugh*, 438 U.S. 781 (1978); *Seminole Tribe of Florida*, 517 U.S. at 58. While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions applies in the instant case.[4] As a state agency, SCDC is immune from Plaintiff's claims for damages or injunctive relief, and the undersigned recommends that SCDC be summarily dismissed from the action.

    2. Insufficient Factual Allegations (Byrnes, Deasi, Odom, John Doe One, and John Doe Two)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must

---

[4] *See Quern v. Jordan*, 440 U.S. 332, 343 (1979) (holding that Congress has not abrogated the states' sovereign immunity under § 1983); *see also* S.C. Code Ann. § 15-78-20(e) (stating that South Carolina has not consented to suit in federal district court).

liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. Plaintiff's complaint provides no factual allegations regarding Byrnes, Deasi, Odom, John Doe One, and John Doe Two. Accordingly, these defendants are entitled to summary dismissal from the action.

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that this case be dismissed without prejudice and without issuance and service of process as to SCDC, Byrnes, Deasi, Odom, John Doe One, and John Doe Two.

IT IS SO RECOMMENDED.

April 22, 2015                                              Shiva V. Hodges
Columbia, South Carolina                      United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).