IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Landis Allen Moragne, #302976, | ) | C/A No.: 1:15-1010-TMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Cecilia Reynolds, Warden of Lee | ) | ORDER |
| Correctional Institution; Ass. Warden | ) | |
| Sharp; Deputy Warden Nolan; John Doe | ) | |
| One; John Doe Two; and Not None | ) | |
| Deasi, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Landis Allen Moragne ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action, which is construed as brought pursuant to 42 U.S.C. § 1983. He alleges violations of his constitutional rights during his incarceration at Lee Correctional Institution ("LCI") while in the custody of the South Carolina Department of Corrections ("SCDC"). This matter is before the court on Plaintiff's motion to amend the complaint. [ECF No. 18]. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), all pretrial proceedings have been assigned to the undersigned.

I.     Procedural History

In his original complaint, Plaintiff named the following defendants: LCI Warden Cecilia Reynolds ("Reynolds"), Assistant Warden Sharp ("Sharp"), Deputy Warden Nolan ("Nolan"), Officer Deasi ("Deasi"), Lt. Odom ("Odom"), John Doe

One, and John Doe Two (collectively "Defendants").  On April 22, 2015, the undersigned issued a report and recommendation ("Report") recommending summary dismissal of SCDC, Byrnes, Deasi, Odom, John Doe One, and John Doe Two.[1] On May 7, 2015, Plaintiff filed objections to the Report [ECF No. 17] and the instant motion to amend [ECF No. 18].

On June 11, 2015, the Honorable Timothy M. Cain, United States District Judge, issued an order on the Report. [ECF No. 25]. Judge Cain adopted the Report as to the original complaint, but directed the undersigned to "conduct an initial review of the amended complaint, if the magistrate judge grants the motion to amend the complaint." *Id.* at 2. Judge Cain dismissed Byrnes and Odom, as Plaintiff consented to their dismissal, and dismissed SCDC based on Eleventh Amendment immunity. *Id.*

For the reasons that follow, the undersigned grants Plaintiff's motion to amend to the extent he (1) adds specific allegations against Deasi; (2) seeks to substitute LCI Maintenance Supervisor N.N. Gram for John Doe I; and (3) seeks to substitute LCI Officer James Sligh for John Doe 2. By a separately-docketed report and recommendation, the undersigned recommends Plaintiff's motion to amend be denied to the extent that he seeks to add SCDC Director Bryan P. Stirling as a defendant.

II.     Analysis

Plaintiff's motion to amend contains additional allegations about Deasi, including that she is the principal of the education department and is responsible for all

---

[1] Reynolds, Sharp, and Nolan were served pursuant to the undersigned's order dated April 22, 2015. [ECF No. 12].

2

law books, to which he alleges he has not had adequate access. [ECF No. 18 at 4]. He alleges Gram is the maintenance supervisor and failed to provide a light bulb in Plaintiff's cell for over five months, causing him to live in darkness. *Id*. at 3–4. Plaintiff also alleges Sligh informed him that prisoners in the Restricted Housing Unit ("RHU") are not allowed access to any magazines or newspapers. *Id*. at 4–5.

"[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (internal quotation marks omitted). Plaintiff's allegations against Deasi, Gram, and Sligh related to the lack of light in his cell, the limited access to legal resources, and the prohibition on books and magazines in the RHU are closely related to his claims against Reynolds, Sharp, and Nolan. Therefore, Plaintiff's motion to amend is granted as to Deasi, Gram, and Sligh. The Clerk is directed to attach Plaintiff's motion to amend [ECF No. 18] to his original complaint [ECF No. 1] and separately docket it as Plaintiff's second amended complaint.

III.     Conclusion

The undersigned grants Plaintiff's motion to amend as to Deasi, Gram, and Sligh. The Clerk of Court is directed to include two Forms USM-285 for Plaintiff to complete as to Gram and Sligh and a blank summons for Deasi, Gram, and Sligh. Plaintiff has previously completed a Form USM-285 for Deasi. [ECF No. 8-1 at 8]. Plaintiff must provide, and is responsible for, information sufficient to identify

defendants on the Forms USM-285 and the summonses. The United States Marshal cannot serve an inadequately-identified defendant, and unserved defendants may be dismissed as parties to this case. **To the extent that counsel for Defendants may be willing to accept service of the summons and complaint on behalf of Deasi, Gram, and Sligh, counsel is directed to so advise by filing a notice on the docket by September 10, 2015.**

    IT IS SO ORDERED.

August 28, 2015                        Shiva V. Hodges
Columbia, South Carolina        United States Magistrate Judge