IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Landis Allen Moragne, #302976, | C/A No.: 1:15-1010-TMC-SVH |
| Plaintiff, | |
| vs. | |
| Cecilia Reynolds, Warden of Lee Correctional Institution; Ass. Warden Sharp; Deputy Warden Nolan; John Doe One; John Doe Two; and Not None Deasi, | REPORT AND RECOMMENDATION |
| Defendants. | |

Landis Allen Moragne ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action, which is construed as brought pursuant to 42 U.S.C. § 1983. He alleges violations of his constitutional rights during his incarceration at Lee Correctional Institution ("LCI") while in the custody of the South Carolina Department of Corrections ("SCDC"). This matter is before the court on Plaintiff's motion to amend the complaint. [ECF No. 18]. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), all pretrial proceedings have been assigned to the undersigned.

I.     Procedural History

In his original complaint, Plaintiff named the following defendants: LCI Warden Cecilia Reynolds ("Reynolds"), Assistant Warden Sharp ("Sharp"), Deputy Warden Nolan ("Nolan"), Officer Deasi ("Deasi"), Lt. Odom ("Odom"), John Doe One, and John Doe Two (collectively "Defendants"). On April 22, 2015, the undersigned issued a

report and recommendation ("Report") recommending summary dismissal of SCDC, Byrnes, Deasi, Odom, John Doe One, and John Doe Two.[1] On May 7, 2015, Plaintiff filed objections to the Report [ECF No. 17] and the instant motion to amend [ECF No. 18].

On June 11, 2015, the Honorable Timothy M. Cain, United States District Judge, issued an order on the Report. [ECF No. 25]. Judge Cain adopted the Report as to the original complaint, but directed the undersigned to "conduct an initial review of the amended complaint, if the magistrate judge grants the motion to amend the complaint." *Id*. at 2. Judge Cain dismissed Byrnes and Odom, as Plaintiff consented to their dismissal, and dismissed SCDC based on Eleventh Amendment immunity. *Id*.

For the reasons that follow, the undersigned recommends Plaintiff's motion to amend be denied to the extent he seeks to add SCDC Director Bryan P. Stirling as a defendant. By a separately-docketed order, the undersigned granted Plaintiff's motion to amend to the extent he added specific allegations against Deasi and sought to substitute LCI Maintenance Supervisor N.N. Gram for John Doe I and LCI Officer James Sligh for John Doe 2.

II.   Analysis

"[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party,

---

[1] Reynolds, Sharp, and Nolan were served pursuant to the undersigned's order dated April 22, 2015. [ECF No. 12].

2

or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (internal quotation marks omitted).

Plaintiff seeks to add Stirling as a defendant based on *respondeat superior*, because Stirling is Director of SCDC. Such claims are futile, as they do not give rise to a § 1983 claim. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–94 (1978). Moreover, "[b]ecause vicarious liability is inapplicable to [] § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Plaintiff provides insufficient factual allegations to demonstrate that Stirling was aware of, or deliberately indifferent to, any constitutional risk of injury to Plaintiff. *See Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their subordinates). Plaintiff's motion to amend should be denied as to Stirling.

III.   Conclusion

For the foregoing reasons, the undersigned recommends Plaintiff's motion to amend his complaint be denied to the extent that he seeks to add SCDC Director Bryan P. Stirling as a defendant.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

August 28, 2015                           Shiva V. Hodges
Columbia, South Carolina                  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).