IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Landis Allen Moragne, #302976, | ) | C/A No.: 1:15-1010-TMC-SVH |
| | ) | |
|                 Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Cecilia Reynolds, Warden of Lee Correctional Institution; Ass. Warden Sharp; Deputy Warden Nolan; John Doe One; John Doe Two; and Not None Deasi, | ) ) ) ) ) ) | REPORT AND RECOMMENDATION |
| | ) | |
|                 Defendants. | ) ) | |

Landis Allen Moragne ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action, which is construed as brought pursuant to 42 U.S.C. § 1983. On January 19, 2016, Defendants filed a motion for summary judgment. [ECF No. 45]. As Plaintiff is proceeding pro se, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on January 20, 2016, advising him of the importance of the motion to dismiss and of the need for him to file an adequate response by February 25, 2016. [ECF No. 46]. Plaintiff was specifically advised that if he failed to respond adequately, Defendants' motion may be granted. *Id*.

Also on January 20, 2016, but after the undersigned issued the *Roseboro* order,[1] the Clerk's office docketed returned mail from Plaintiff that was marked "UNCLAIMED." [ECF No. 48]. On February 16, 2016, the court's *Roseboro* order was

---

[1] The Clerk of Court received the returned mail [ECF No. 48] on January 19, 2016, but it was not docketed by the Clerk's office until January 20, 2016.

returned to the court with notations indicating it was "UNCLAIMED." As a result of Plaintiff's failure to claim his mail, neither the court nor Defendants have any means of contacting him concerning his case. Additionally, Plaintiff has failed to respond to Defendants' motion. It appears to the court that he does not oppose the motion and wishes to abandon this action. Based on the foregoing, the undersigned recommends this action be dismissed with prejudice for failure to prosecute. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

February 26, 2016  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

2

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).